**Johnny DICKERSON,**
**Plaintiff–Appellant,**

**v.**

**William J. GUSTE, Jr., Louisiana State**
**Attorney General, et al.,**
**Defendants–Appellees.**

**No. 90–3852**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 11, 1991.

**15.** *E.g., Nissho–Iwai Co., Ltd. v. Occidental Crude Sales,* 729 F.2d 1530, 1539 n. 14 (5th Cir.1984).

Johnny Dickerson, pro se.

Clara E. Toombs, Duncan S. Kemp, III, Amite, La., for defendants-appellees.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

Johnny Dickerson, a prisoner convicted of several felonies in Louisiana state court, sought habeas corpus relief in federal court. He alleged that the state denied his right to a speedy trial and that the state trial court erred in denying his motion for new trial and his pretrial motion for an investigator. The federal district court denied relief. We affirm.

This case reflects the remarkable saga of Dickerson's labyrinthian journey through a wide assortment of state and federal courts and prisons. The murder, kidnapping, and armed robbery that form the basis for the state prosecution of which Dickerson now complains occurred in April 1981 in Tangipahoe Parish, Louisiana.[1] In February 1983, a Louisiana state court judge signed two arrest warrants charging Dickerson with these crimes. Dickerson, however, could not be arrested because he was serving time in a federal prison.

Sheriff's officials in Louisiana lodged a detainer against Dickerson, and officials of the federal prison accepted and placed the detainer. The detainer was in place within two weeks after the issuance of the state arrest warrants. Dickerson filed repeated motions for speedy trial in state courts. All of these requests were denied. He next sought habeas corpus relief in federal district court, but the court denied the request. Dickerson then appealed the denial of his habeas corpus petition to this Court.

In September 1986, while the appeal to this Court was pending, Dickerson finished serving his federal sentence. The Louisiana detainer was activated, and Louisiana officials arrested him. In November 1986 a Louisiana grand jury indicted Dickerson for first-degree murder, aggravated kidnapping, and armed robbery. *See Dickerson v. Louisiana,* 816 F.2d 220, 221–24 (5th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987).

This Court viewed the habeas petition as one brought under 28 U.S.C. § 2241, which applies to a person in custody regardless of whether final judgment has been rendered and regardless of the status of the case that is pending.[2] *See Dickerson,* 816 F.2d at 224–25. On the merits, this Court held that Dickerson had not exhausted state remedies because he had not filed a motion for speedy trial in state court since the date of his indictment. *Id.* at 228–29.

Dickerson next filed a motion in state court to quash the indictment, alleging a violation of his right to a speedy trial. After a pretrial hearing, the state court denied the motion. A jury found Dickerson guilty of second-degree murder, aggravated kidnapping, and armed robbery. He received two life sentences and one sentence of fifty years. All three sentences, which are consecutive, are to be served at hard labor without benefit of parole, probation, or suspension of sentence.

Dickerson appealed to a Louisiana appellate court, again raising the claim of denial of his right to a speedy trial. The state appellate court affirmed his convictions and sentences, and the Louisiana Supreme Court denied his application for writ of review. *See State v. Dickerson,* 529 So.2d 434 (La.Ct.App.), *cert. denied,* 533 So.2d 353 (La.1988).

In federal district court, Dickerson filed another application for habeas corpus relief. He asserted that the state had violat-

---

**1.** *See Dickerson v. Louisiana,* 816 F.2d 220 (5th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987).

**2.** This section provides, in relevant part:
(c) The writ of habeas corpus shall not extend to a prisoner unless—

. . . .
(3) He is in custody in violation of the Constitution or laws or treaties of the United States. . . .

28 U.S.C. § 2241(c)(3).

ed his sixth amendment right to a speedy trial and his due process rights. In addition, he alleged that the state trial court had erred in denying his motion for new trial and in denying his pretrial motion for an investigator. After reviewing the merits of these claims, the district court denied relief.

*Right to a Speedy Trial*

■ Dickerson contends that the three and one-half years he spent in federal prison under a state detainer order should be considered as time spent in the custody of the state. This extreme delay, he argues, clearly violated his right to a speedy trial. He also asserts that state officials failed to make a good faith effort to extradite him from federal custody.

The United States Supreme Court has provided us clear guidance on the significance of a lengthy preindictment delay. *See United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Concerns over the speedy trial clause of the sixth amendment arise only after the defendant has been formally indicted or actually restrained accompanying arrest. *Marion,* 404 U.S. at 320, 92 S.Ct. at 463. Although Dickerson was aware of the state detainer against him stemming from the investigation of a murder, he was not actually in state custody until after his release from federal custody.

In the previous petition for habeas relief before this Court, we held that Dickerson was "in custody" for the purpose of our exercise of jurisdiction over the petition under 28 U.S.C. § 2241. The custody requirement for habeas corpus proceedings, however, is not the same as the actual restraint required to trigger speedy trial considerations. *See Dickerson,* 816 F.2d at 227 n. 14; *see also United States v. Loud Hawk,* 474 U.S. 302, 310–11, 106 S.Ct. 648, 653–54, 88 L.Ed.2d 640 (1986) (concluding that only the *actual* restraints imposed by arrest engage the protections of the sixth amendment); *United States v. Hutchins,* 818 F.2d 322, 326 (5th Cir.1987) (holding that when no indictment is outstanding,

only actual restraint engages the protections of the speedy trial provision of the sixth amendment).

The state detainer was not the basis for Dickerson's federal incarceration. "[A] detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison." *United States v. Mauro,* 436 U.S. 340, 358, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978). Speedy trial considerations do not arise until a defendant is formally charged with a crime or actually restrained in connection with that crime. *See Marion,* 404 U.S. at 320–21, 92 S.Ct. at 463–64.

This Court has explained the interplay between a defendant's sixth amendment right to speedy trial and a defendant's rights to due process in this area:

> There is no sixth amendment right to a timely indictment. Protection from delay in indictment must be found in the due process clause of the fifth amendment. That protection is limited. The passage of a long period of time between knowledge by the prosecution of indictable conduct and an indictment is not enough, even if the delay was harmful to a defendant. Rather, defendants must show that the government intentionally delayed the indictment to gain a tactical advantage, and that the delay caused them actual and substantial prejudice.

*United States v. Carlock,* 806 F.2d 535, 549 (5th Cir.1986) (citations omitted), *cert. denied,* 480 U.S. 949, 107 S.Ct. 1611, 94 L.Ed.2d 796 (1987).

The State of Louisiana attempted to exercise custody over Dickerson, but federal prison authorities refused to release Dickerson until his federal sentence was completed. The record shows that the state did not intentionally delay the indictment to gain a tactical advantage. Instead, the federal incarceration impeded the state from bringing Dickerson to trial. Since Dickerson has shown neither intentional delay by the state nor actual and substantial prejudice to him caused by the delay, he has

failed to show a violation of due process. *See id.* at 549.

## Denial of Motion for New Trial

■ Dickerson next contends that the state trial court's denial of his motion for new trial constituted an abuse of discretion and a denial of his due process rights. Dickerson argues that he was entitled to a new trial because of newly discovered medical evidence concerning a person Dickerson had accused of committing the crime. Finding that this evidence was discoverable during trial, that it was not incompatible with any trial evidence, and that the record contained substantial evidence of Dickerson's guilt, the state court denied the motion.

Dickerson argues that the state court violated the Louisiana Code of Criminal Procedure and state jurisprudence interpreting the Code.[3] We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *See Cook v. Morrill,* 783 F.2d 593, 596 (5th Cir.1986). "We do not sit as a 'super' state supreme court" in such a proceeding to review errors under state law. *Martin v. Wainwright,* 428 F.2d 356, 357 (5th Cir.), *cert. denied,* 400 U.S. 918, 91 S.Ct. 179, 27 L.Ed.2d 157 (1970); *see Cronnon v. Alabama,* 587 F.2d 246, 250 (5th Cir.), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979).

Dickerson has failed to show that the state court's denial of his motion for new trial constituted a violation of any constitutional right. This claim, therefore, provides no basis for habeas corpus relief. *See Boyd v. Puckett,* 905 F.2d 895, 896 (5th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 526, 112 L.Ed.2d 537 (1990).

## Denial of Motion for Investigator

■ Dickerson argues that the state court violated his due process rights by denying his pretrial motion for an investigator who could assist him in preparing a defense. The motion indicated that the defense needed help in interviewing numerous witnesses. At a pretrial hearing, however, defense counsel argued that the serious charges levied against Dickerson justified the request for the investigator. The state trial court denied the motion because Dickerson failed to indicate specifically what goals the investigation would seek to accomplish.

The state court's denial of Dickinson's request for an investigator does not rise to the level of a constitutional violation. *See Cronnon,* 587 F.2d at 250. Dickerson has failed to show that any prejudice resulted from the state court's ruling. This claim, therefore, provides no basis for relief.

The State has chosen not to file a brief in this matter. Dickerson has filed in this Court a motion for summary judgment claiming that this failure entitles him to relief. This contention is without merit.

## Conclusion

We conclude that in indicting and prosecuting Dickerson after his release from federal prison, the State of Louisiana did not deny his right to a speedy trial. In addition, the state court's rulings denying his motion for new trial and denying his motion for an investigator did not result in any constitutional violations entitling him to federal habeas corpus relief. We therefore affirm the decision of the federal district court.

Appellant's motion for summary judgment is DENIED.

The judgment of the district court is AFFIRMED.

---

**3.** Dickerson's motion for new trial was based on article 851 of the Louisiana Code of Criminal Procedure.