United States Court of Appeals,

Fifth Circuit.

No. 92-7804.

Llewyn J. COWART, Petitioner-Appellee,

v.

Edward HARGETT, Superintendent, Mississippi State Penitentiary, Respondent-Appellant.

March 18, 1994.

Appeal from the United States District Court for the Southern District of Mississippi.

Before WOOD,[*] SMITH, and DUHÉ, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The state of Mississippi appeals the district court's grant of habeas corpus relief for a violation of Llewyn J. Cowart's right to a speedy trial. We reverse.

I.

In February 1985, while on parole from a life sentence for murder, Cowart committed an attempted armed robbery on Terrell and Norma Jean Burrows and an aggravated assault on Mrs. Burrows. Later that same day, Cowart committed aggravated assault against his wife, Lena Cowart, during which he received a gunshot wound to his leg, inflicted by his wife in self-defense. He also violated his parole conditions by consuming alcohol. He waived his parole revocation hearing and was returned to the state penitentiary.

In November 1985, a grand jury indicted Cowart for the assault and armed robbery. In December, Cowart filed a *pro se* motion to "Squash" (sic) the indictments, citing the language of MISS.CODE § 99-17-1 (directing that all indictments be tried at the first term, unless good cause be shown for a continuance). This motion did not allege any deprivation of Cowart's constitutional guarantee of a speedy trial under the Sixth Amendment. The record indicates no motions for continuance justifying delay.

Cowart remained in state custody until he was arraigned in February 1986. The court

[*]Circuit Judge of the Seventh Circuit, sitting by designation.

appointed him a lawyer at that time. The following week, Cowart's counsel moved to allow discovery, dismiss the indictment, a motion in limine, and a demurrer to the indictment. The motion to dismiss alleged both a state statutory and a federal constitutional speedy trial violation.

The state court record is silent as to the disposition of the various motions, although the state was ordered to produce discovery. At the evidentiary hearing before the federal district court, Cowart testified that a hearing was held on the motion to dismiss on speedy trial grounds, which he says was denied by the state court. Cowart was convicted on all charges and sentenced concurrently to twelve years for attempted armed robbery and twenty years for aggravated assault.

In November 1986, Cowart's new attorney filed a direct appeal to the Supreme Court of Mississippi, alleging error in, among other things, failure to provide a speedy trial. The court held that Cowart's "assignments of error are without merit and that the appeal raises no issue requiring discussion." *Cowart v. State,* 519 So.2d 896, 897 (Miss.1988). Thus, Cowart's conviction and sentence were affirmed. *Id.*

Cowart filed a motion for post conviction relief with the Mississippi Supreme Court, seeking a determination that his trial counsel was ineffective. The motion was denied. Thereafter, Cowart filed for federal habeas relief.

After a hearing on his claim, the district court held that Cowart's speedy trial claim was not barred by procedural default in the state court and that under *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), his constitutional rights were violated. We reverse.

II.

The state contends that Cowart is procedurally barred from bringing the speedy trial issue under *Coleman v. Thompson,* --- U.S. ----, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The state argues that Cowart defaulted his speedy trial claim by failing to bring it to the trial court's attention. Under Mississippi law, a movant has the duty to pursue a motion to a hearing and is deemed to have waived the motion if he fails to do so. *Lee v. State,* 357 So.2d 111, 112-13 (Miss.1978). There is nothing in the state court record indicating that a hearing was held on the motion or that Cowart requested one. Absent cause and prejudice or a demonstration that a failure to consider the claim will

result in a fundamental miscarriage of justice, claims that are defaulted pursuant to adequate and independent state law are barred from review in a federal habeas corpus action. *Coleman,* --- U.S. ----, 111 S.Ct. at 2565.

If the state court's decision "fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion," *Michigan v. Long,* 463 U.S. 1032, 1040-41, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983), a federal court on habeas review will presume that there is no adequate and independent state ground for a state court decision. *Coleman,* --- U.S. at ----, 111 S.Ct. at 2557. Thus, "if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not *clearly and expressly* rely on an independent and adequate state ground, a federal court may address the petition." *Id.* (emphasis added). Federal courts will presume that a state court's decision rests on federal grounds only when "the decision of the last state court to which the petitioner presented his federal claims must fairly appear[s] to rest primarily on federal law or to be interwoven with federal law." *Id.*

The Mississippi Supreme Court rejected Cowart's contentions without comment. Since its rationale is undefined, we "look through" its order to the last reasoned state court decision. *Ylst v. Nunnemaker,* --- U.S. ----, ---- - ----, 111 S.Ct. 2590, 2594-95 (1991). If "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Id.* --- U.S. at ---- at 2594. Where the last reasoned opinion rested on or was interwoven with federal law, the presumption is that the subsequent unexplained order did not invoke procedural bar. *Id.*

In Cowart's case, there is no reasoned state court decision at any stage dealing with his speedy trial claim. Thus, the last reasoned opinion neither "explicitly imposes a procedural default" nor "fairly appear[s] to rest primarily on federal law or to be interwoven with federal law."

The district court presumed that, because "the trial went forward," Cowart's claim must have been denied. Absent *any* indication that the state court relied upon procedural bar in denying his

claim, we must assume that the state court rejected Cowart's claim at least partially on the merits. Cowart filed a motion to dismiss on speedy trial grounds and raised the issue on direct appeal; thus it is at least arguable that he properly raised his claim. As a result, if the state court rejected the claim on procedural grounds, it must state so. Otherwise, Cowart's claim is not barred from habeas review.

III.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." This constitutional guarantee is applicable to the states through the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

The constitutional right to a speedy trial attaches "only when a criminal prosecution has begun and extends only to those persons who have been "accused' in the course of that prosecution." *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). A defendant's speedy trial rights attach only when he is "formally charged with a crime or actually restrained in connection with that crime." *Dickerson v. Guste,* 932 F.2d 1142, 1144 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 214, 116 L.Ed.2d 172 (1991).

In his comprehensive, twenty-eight page recommendation, the magistrate judge found that Coward was arrested on February 23, 1985, for the attempted armed robbery and aggravated assault against the Burrows and for other alleged crimes. Cowart also was charged with an unrelated aggravated assault against his wife soon after the other charges, but she dropped the charges. Cowart additionally was charged with violating parole by consuming alcohol. The magistrate judge concluded that he was arrested for both the subject crimes and parole violations. As a result, the recommendation concluded that Cowart was actually restrained, "in connection" with the crimes for which he was eventually convicted, from February 1985 until his November 1985 indictment and February 1986 trial.

By holding that Cowart's speedy trial rights attached in February 1985, the court misread *Dickerson.* The magistrate judge apparently construed the phrase "in connection with that crime" as applying to the underlying events for which Cowart was charged. Under *Dickerson,* however, we

examine Cowart's legal status: whether he has been "formally charged with a crime or actually restrained in connection with that crime." The only reasonable reading of "in connection with," in context, is that the purpose of the defendant's restraint is in anticipation of formal charging. Elsewhere in the same opinion the *Dickerson* Court restates the requirement of a speedy trial as attaching "only after the defendant has been formally indicted or actually restrained *accompanying arrest.*" *Id.* (emphasis added).

Cowart was not formally arrested for his crimes against the Burrows. He was taken into custody on February 23, 1985, for violating his parole. The crimes against the Burrows, the assault against his wife, and the consumption of alcohol were independently sufficient grounds for revoking his parole and returning him to confinement. Cowart waived a parole revocation hearing and was returned to the state penitentiary to continue serving his previously-imposed life sentence for murder.

Cowart was not formally charged with armed robbery and assault against the Burrows until November 18, 1985, when indictments were returned. Cowart's constitutional right to a speedy trial did not accrue until then, and not in February 1985, as the district court concluded. Indeed, the magistrate judge notes that "Cowart was arrested ... and *informally* charged with several offenses." (Emphasis added.) Informal charging does not meet *Dickerson* 's stiff hurdle of formal charging.

The district court's attempt to distinguish *Dickerson* is not persuasive. In *Dickerson,* we noted that the "state detainer was not the basis for Dickerson's federal incarceration." *Id.* Similarly, Cowart was restrained for parole violations, not for the independent crimes for which he later was charged. There is no evidence that the state was actually restraining him based upon having already charged him with, or in anticipation of charging him with, the subject crimes.

IV.

Once the constitutional right to a speedy trial accrues, we determine whether the accused has been deprived of that right by applying the balancing test of *Barker v. Wingo* to determine whether there was an undue delay between charging and trial: (1) the length of delay, (2) the reason for delay, (3) the assertion of the speedy trial right, and (4) prejudice to the accused. *Id.,* 407 U.S. at 530, 92 S.Ct. at 2191-92. We conclude that the ninety-two-day period between Cowart's charging in

November 1985 and his trial in February 1986 was not sufficient to establish a violation of his right to a speedy trial. Moreover, even if we accept the district court's holding that Cowart was arrested in February 1985, the 349-day delay was not sufficient to establish a violation.

A.

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* The actual length of delay necessary to warrant an application of the other factors in the balancing test is not defined by the Constitution, but must be considered in light of the circumstances of the particular case. *Id.* at 530-31, 92 S.Ct. at 2191-92. A delay of less than one year will rarely qualify as "presumptively prejudicial" for purposes of triggering the *Barker* inquiry. *See Doggett v. United States,* --- U.S. ----, ---- n. 1, 112 S.Ct. 2686, 2691 n. 1, 120 L.Ed.2d 520 (1992).

The legally relevant delay in this case was only ninety-two days, a period insufficient to presume prejudice. *See United States v. Vanella,* 619 F.2d 384, 386 (5th Cir.1980) (holding that a "relatively brief delay of less than one hundred days certainly does not rise to the level of presumptive prejudice"). Under *Barker,* we need not even consider the other factors in order to deny Cowart's speedy trial claim.

Even if we accept the district court's measurement of 349 days, there is no presumptive prejudice. A delay of ten and one-half months is not presumptively prejudicial, *United States v. Maizumi,* 526 F.2d 848, 851 (5th Cir.1976), and in *United States v. Loud Hawk,* 474 U.S. 302, 304, 106 S.Ct. 648, 650, 88 L.Ed.2d 640 (1986), the Court held that a delay of ninety months did not result in a violation of federal constitutional speedy trial rights. Absent extreme prejudice or a showing of willfulness by the prosecution to delay the trial in order to hamper the defense, *see Barker,* 407 U.S. at 531, 92 S.Ct. at 2192, a delay of less than one year is not sufficient to trigger an examination of the *Barker* factors.

B.

Under *Barker,* we also consider the reasons for the delay. A deliberate and intentional delay

by the prosecution for the purpose of hindering the defense or otherwise gaining a tactical advantage is weighed heavily against the state. An unintentional and inadvertent delay, however, is weighed much less heavily. Where the state advances valid reasons for the delay, or the delay is attributable to acts of the defendant, this factor is weighed in favor of the state. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192.

There has been no showing that the state intentionally delayed the proceedings in this case. Unexplained or negligent delay is weighed against the state, but not heavily. *See United States v. Avalos,* 541 F.2d 1100, 1111 (5th Cir.), *cert. denied,* 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1976). Thus, if there is any advantage to Cowart from this factor, it is small.

## C.

The third factor to be considered is the accused's assertion of, or the failure to assert, the speedy trial right. "[F]ailure to assert the right will make it difficult for the defendant to prove that he was denied a speedy trial." *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193.

Cowart did not assert his constitutional right to a speedy trial until four days before trial. Even then, he did not move for a speedy trial, but only to dismiss the charges. As we indicated in *Hill v. Wainwright,* 617 F.2d 375, 379 (5th Cir.1980), an assertion that charges be dismissed for a speedy trial violation is not a value protected under *Barker.* Thus, no matter how broadly the district court would construe Cowart's *pro se* motion, a demand to "squash" an indictment is not a valid demand for a speedy trial. Thus, this factor is given "strong evidentiary weight" in favor of the state. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192.

## D.

Finally, we examine the degree of prejudice to the defendant resulting from the delay. Since the first three factors do not weigh heavily against the state, Cowart must make an affirmative showing of actual prejudice. *Hill v. Wainwright,* 617 F.2d at 379 n. 4; *Avalos,* 541 F.2d at 1116-17. The Supreme Court has identified three interests protected by the right to a speedy trial: (1) preventing "oppressive pretrial incarceration," (2) reducing the "anxiety and concern of the accused," and (3) protecting against impairment of the defense. *Id.,* 407 U.S. at 532, 92 S.Ct. at 2193. Any

delay in this case caused no actual prejudice to Cowart's case or to the interests protected by the right to a speedy trial.

In *Barker,* the Supreme Court noted that excessive pretrial incarceration can be detrimental both to the defendant and to his case. Anxiety about one's reputation and private life during pretrial delay, however, will not alone suffice to warrant a reversal of a conviction. *See United States v. Hill,* 622 F.2d at 910. Incarceration on other charges or convictions pending trial also does not constitute prejudice for *Barker* purposes. *Jamerson v. Estelle,* 666 F.2d 241, 243-45 (5th Cir.1982); *United States v. Scallion,* 533 F.2d 903, 912-13 (5th Cir.1976), *cert. denied,* 436 U.S. 943, 98 S.Ct. 2843, 56 L.Ed.2d 784 (1978); *Turner v. Estelle,* 515 F.2d 853, 859 (5th Cir.1975), *cert. denied,* 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976). As it was proper for Cowart to be returned to the state penitentiary for parole violations, it was inappropriate for the magistrate judge to find prejudice to Cowart from his confinement.

The district court also held that the delay prejudiced Cowart because it weakened the memories of eyewitnesses who could have testified on his behalf. This conclusion is questionable.

On direct appeal, Cowart asserted no actual prejudice as a result of the delay. In his subsequent state application for post-conviction relief, Cowart did not assert a speedy trial violation as a ground for relief. It was only in his federal habeas hearing, seven years after the alleged crimes were committed, that Cowart alleged that his defense was undermined because the delay hindered his ability to call a witness known only as "Peanuts."

It is difficult to give much weight to any allegation of prejudice resulting from an inability to call this witness to testify. It certainly does not demonstrate actual prejudice. Moreover, such arguments are generally viewed with disfavor when, as here, the allegation is not supported by the production of the witness who allegedly would have altered the outcome of the trial. *See, e.g., McFadden v. Cabana,* 851 F.2d 784, 787-89 (5th Cir.1988), *cert. denied,* 489 U.S. 1083, 109 S.Ct. 1541, 103 L.Ed.2d 845 (1989); *Hill v. Wainwright,* 617 F.2d at 379.

The failure of "Peanuts" to testify could not have altered the outcome of the trial and could not have resulted in actual prejudice to Cowart. Cowart alleges that Peanuts could testified that he

and Cowart did not go to the victims' home with the intention of committing a crime. Their purpose for going to the Burrows' house, however, is immaterial to the crimes that transpired upon arrival. To the extent that it was material, in light of the overwhelming evidence of Cowart's guilt, it does not constitute a probability that the outcome of Cowart's trial would have been different had Peanuts testified. Indeed, because Peanuts probably could have been prosecuted for the crimes, it is doubtful that he even would have testified. Thus, Cowart has not demonstrated that he was actually prejudiced by any delay in his trial.

The court also found that Cowart was prejudiced by the failure to arraign and therefore appoint an attorney in a timely manner. This conclusion is also questionable. First, this claim also was not presented to the state court. Second, any delay complained of could have resulted even if Cowart had been appointed counsel and arraigned a time more proximate to the commission of the crimes at hand. There is no evidence that appointing a lawyer at an earlier date would have substantively altered the outcome by a more prompt or thorough investigation. Thus, there was no showing that any prejudice was a result of a violation of speedy trial rights.

E.

Applying the *Barker* test, we conclude that the district court erred in holding that Cowart's speedy trial rights were violated. Because he was held in connection with the subject offenses for only ninety-two days before trial, he has not even established the threshold test of *Barker* of presumed prejudice.

Alternatively, if we accept the district court's measurement of 349 days, the district court still erred by holding that Cowart's speedy trial rights were violated: Rarely will we presume prejudice from a delay of less than one year, there was no evidence that the state deliberately delayed the proceedings, Cowart did not properly assert his speedy trial rights, and there was no actual prejudice as a result of the delay. Unless the first three *Barker* factors all weigh heavily against the government, the defendant must demonstrate actual prejudice. Under the circumstances, Cowart has not established a violation of his right to a speedy trial.

Thus, we REVERSE the district court's judgment that the state of Mississippi violated

Cowart's speedy trial rights, and we RENDER judgment for the state.