IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CP-01155-SCT

*HENRY E. COLEMAN a/k/a HENRY EARL*
*COLEMAN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/19/97 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/13/98 |
| MOTION FOR REHEARING FILED: | 8/31/98 |
| MANDATE ISSUED: | 10/29/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Henry Coleman appeals the denial of his Motion to Vacate Judgment of Conviction and Sentence, based on his claim that he was denied a speedy trial, by the Circuit Court of Sunflower County on August 19, 1997. Pursuant to Miss. Code Ann. § 99-39-1 et seq., he again raises the speedy trial issue in his petition to this Court, styled as an "Appeal to the Mississippi Supreme Court to Vacate, Set Aside and/or Correct Sentence in Reference to Petition for Post-Conviction Relief." Finding no merit in his claim, we affirm the decision of the circuit court.

¶2. Coleman was found with a revolver under the pillow on which he had been sleeping on January 7, 1995 during a search of the house where he was staying by the Central Delta Drug Task Force. There was a shotgun by the bed, and another revolver in the closet. At the time, he was free on appeal bond while his appeal of a February 11, 1993 conviction for aggravated assault involving a firearm was pending before the Court of Appeals of Mississippi.[1] Following a hearing on January 13, 1995, his appeal bond was revoked for violation of his terms and he was ordered back into custody of the Mississippi Department of Corrections.

¶3. On December 18, 1995, Coleman was indicted by the grand jury of the Sunflower County Circuit Court for possession of a deadly weapon, having been previously convicted of other felonies, in violation of Miss. Code Ann. § 97-37-5. On January 22, 1996, he filed a motion for pre-trial hearing as well as a motion to dismiss for lack of speedy trial. He then entered a guilty plea on February 5, 1996 and was sentenced as an habitual offender to serve three years in the custody of the MDOC, consecutive to the twenty-year sentence he was serving for the aggravated assault charge.

I.

¶4. Coleman asserts that his constitutional and statutory rights to a speedy trial were violated since nearly thirteen months passed between the time of his "arrest" and the entry of his guilty plea. He further contends that because he was incarcerated, nothing was done to expedite his case. His petition for relief provides little in the way of meaningful argument and there are few facts in the record to support his claims.

¶5. Coleman's appeal bond was revoked on January 13, 1995 because he was found in possession of a firearm. He was ordered into the immediate custody of the MDOC. The record does not indicate whether he was formally arrested or taken into custody on January 7, 1995 for violating the terms of his appeal bond or for the felony for which he later was indicted. He clearly was incarcerated for violation of the appeal bond, serving his sentence for the conviction he was appealing, which was affirmed by the Court of Appeals on April 5, 1995, and not for the separate felony of possession of a deadly firearm by a convicted felon. The indictment against Coleman for the felony charge arising from the January 7, 1995 incident was returned on December 18, 1995.

¶6. Miss. Code Ann. § 99-17-1(1994), the statutory speedy trial rule, provides:

> Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.

The record does not indicate if and when Coleman was arraigned. He entered his guilty plea to the charge of felonious possession of a firearm on February 5, 1996, only forty-eight (48) days after he was indicted. Further, the statute is not applicable to delays between the alleged act and the indictment. *Speagle v. State,* 390 So. 2d 990, 993-94 (Miss. 1980). Coleman therefore cannot claim any violation of his statutory right to a speedy trial.

¶7. The right to a speedy trial also is guaranteed by the sixth and fourteenth amendments to the United States Constitution and art. 3, § 26 of the Mississippi Constitution of 1890. "The constitutional right to a speedy trial attaches at the time a person is effectively accused of a crime." *Skaggs v. State,* 676 So. 2d 897, 900 (Miss. 1996); *Noe v. State,* 616 So. 2d 298, 300 (Miss. 1993). Speedy trial rights attach only when the defendant is "'formally charged with a crime or actually restrained in connection with that crime.'" *Cowart v. Hargett*, 16 F.3d 642, 646 (5th Cir. 1994) (quoting *Dickerson v. Guste,* 932 F.2d 1142, 1144 (5th Cir.) *cert. denied*, 502 U.S. 875 (1991)). In *Cowart,* the petitioner filed a habeas action alleging that his constitutional right to a speedy trial was violated when, after committing an armed robbery and an aggravated assault in February, 1985, as well as beating his wife and consuming alcohol, his parole was revoked and he was returned to the custody of the MDOC. He was not indicted until November, 1985, remaining in State custody until

he was arraigned in February, 1986. *Id.* at 644. The Fifth Circuit found that Cowart's right to a speedy trial did not attach until the indictments against him for the armed robbery and aggravated assault charges were returned on November 18, 1985, stating that he was only informally, and not formally, charged with a variety of offenses in February, 1985, when his parole was revoked. *Id.* at 646. Further, the Court found that because Cowart was incarcerated for violation of his parole and not on account of the charges for which he later was indicted, he had not been "actually restrained in connection with that crime." *Id.* at 645.

¶8. As in ***Cowart,*** Coleman's constitutional right to a speedy trial did not attach in January, 1995, when he was taken into custody for violating his appeal bond. From the facts available in the record, Coleman was not formally charged with the felony of possessing a deadly weapon as a convicted felon pursuant to Miss. Code Ann. § 97-37-5 until he was indicted on December 18, 1995. His incarceration clearly stemmed not from the felony charges on which he later was indicted, but, according to the January 13, 1995 order of the circuit court, from the violation of the terms of his appeal bond. Further, three months later, on April 11, 1995, his conviction and twenty-year sentence for aggravated assault was affirmed by the Court of Appeals. Coleman, therefore, was not actually restrained in connection with the felony for which he ultimately was indicted.

¶9. Assuming, *arguendo,* that Coleman's constitutional right to a speedy trial attached when he was taken into custody in January, 1995, the alleged violation of his rights is still subject to scrutiny under the four-factor analysis set out in ***Barker v. Wingo,*** 407 U.S. 514 (1972). The ***Barker*** factors include 1) the length of delay, 2) the reason for delay, 3) the defendant's assertion of his right to a speedy trial and 4) prejudice to the defendant by the delay. ***Id.*** at 530. No single factor is dispositive. *Skaggs v. State,* 676 So. 2d 897, 900 (Miss. 1996). Rather, this Court looks at the totality of the circumstances. ***Herring v. State,*** 691 So. 2d 948, 955 (Miss. 1997).

## 1. Length of Delay

¶10. If, as Coleman asserts, he was effectively accused of a crime and restrained therefore in January, 1995, when he was taken into custody for violating the terms of his appeal bond, there was a delay of almost thirteen months until the entry of his guilty plea on February 5, 1996. This Court has held that a delay of eight months or more is presumptively prejudicial. *Smith v. State,* 550 So. 2d 406, 408 (Miss. 1989). That presumption, however, may be rebutted when balanced with the other three factors. *Wiley v. State,* 582 So. 2d 1008, 1012 (Miss. 1991).

## 2. Reason for Delay

¶11. Coleman was not indicted until December 18, 1995, eleven months after his appeal bond was revoked. He entered a guilty plea almost two months later. The delay between the time Coleman was taken into custody and his indictment does not begin to approach the eight and one-half year delay that the United States Supreme Court found "inexcusable" in ***Doggett v. United States***, 505 U.S. 647, 657-58 (1992). In ***Perry v. State***, 637 So. 2d 871 (Miss. 1994), this Court found that the fifteen month span between the time of the offense and Perry's indictment was "not the kind of protracted delay which compels dismissal in light of some showing of actual prejudice." *Id.* at 876 (*citing Adams v. State,* 583 So. 2d 165 (Miss. 1991)). Similarly, in *State v. Magnusen,* 646 So. 2d 1275 (Miss. 1994), where 198 days elapsed between the time of Magnusen's arrest and his indictment, as part of the overall fifteen month delay between his arrest and his trial, this Court found that the delay

did not weigh heavily against the State, observing that he was incarcerated on other charges during this time. *Id.* at 1281-82.

### 3. Defendant's Assertion of his Rights

¶12. On January 22, 1996, Coleman filed a motion for a pre-trial hearing as well as a motion to dismiss for lack of speedy trial. He entered a plea of guilty two weeks later on February 5, 1996. While an accused is under no duty to bring himself to trial, "he gains far more points under this prong of the *Barker* test where he has demanded a speedy trial." *Jaco v. State,* 574 So. 2d 625, 632 (Miss. 1990). This is the first indication in the record that Coleman made any effort to expedite the proceedings against him, and as this Court has noted, "a demand for dismissal for violation of the right to speedy trial is not the equivalent of a demand for speedy trial." *Perry,* 637 So. 2d at 875.

### 4. Prejudice to the Defendant

¶13. The fourth prong of the *Barker* analysis looks both at the actual prejudice to the defendant as well as at interference with his liberty. *Perry,* 637 So. 2d at 876. The United States Supreme Court explained in *Barker* that:

> Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.

*Barker,* 407 U.S. at 532. Coleman does not even mention prejudice until his rebuttal brief, where, almost as an afterthought, he suggests that he was subjected to presumptive prejudice "after being held in prison for over a year before his criminal prosecution actually occurred, in that he had no access to an attorney to adequately prepare for his defense while memories of witnesses was [sic] still fresh." He does not show, however, that he was denied access to an attorney or otherwise hampered in his efforts to prepare a defense. Further, the only memory any potential witnesses need have is whether Coleman had a gun under the pillow on which he was sleeping during a drug raid the previous January. Moreover, he was initially incarcerated on January 7, 1995 for violation of the terms of his appeal bond. Subsequent to April 5, 1995, when the Court of Appeals affirmed his 1993 conviction for aggravated assault, he was serving time for that offense.

¶14. Even if Coleman's constitutional right to a speedy trial is found to have attached at the time he was taken into custody for violation of his appeal bond, rather than when he was indicted on felony charges stemming from the incident some eleven months later, a balancing of the *Barker* factors leans strongly against his claim. The delay in his indictment was not excruciatingly long, he made no plea for a speedy trial and he has shown no real prejudice. *See Perry*, 637 So. 2d at 876 ("Where, as here, the delay is neither intentional nor egregiously protracted, and where there is a complete absence of actual prejudice, the balance is struck in favor of rejecting Perry's speedy trial claim.").

## II.

¶15. The circuit court correctly denied Coleman's Motion to Vacate Judgment of Conviction and Sentence. There was no violation of his statutory right to a speedy trial since he entered a guilty plea

less than two months after he was indicted. His constitutional right to a speedy trial attached at the time of his indictment, not when he was taken into custody and his appeal bond was revoked for possession of firearms. Even assuming *arguendo* that his right to a speedy trial attached when he was taken into custody for violation of the terms of his appeal bond, a balancing of the **Barker** factors clearly favors the rejection of his claim. We therefore affirm the decision of the circuit court.

¶16. **LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. His conviction was affirmed by the Court of Appeals, without written opinion, on April 11, 1995. *Coleman v. State*, 662 So. 2d 208 (Miss. 1995).