IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10610
Summary Calendar
_____

DAVID MORSE DILLON,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-3271-X
- - - - - - - - - -

February 4, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

David Morse Dillon's motions for appointment of counsel and for summary judgment are DENIED.

On rehearing, we hold that the Texas Court of Criminal Appeals' opinion dismissing Dillon's third state postconviction application pursuant to TEX. CODE CRIM. P. Ann. art. 11.07, § 4 (West Supp. 1999), was not unexplained and demonstrates that the court rejected the application for reasons unrelated to its

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

merits.  See Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995); Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc).  Accordingly, the district court did not err in holding that the procedural-default doctrine precludes federal review of the claims raised in that third application.  See Ylst v. Nunnemaker, 501 U.S. 797, 801, 803 (1991); Cowart v. Hargett, 16 F.3d 642, 645 (5th Cir. 1994).  Dillon has not demonstrated cause for his procedural default or shown that the failure to review his claims will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

AFFIRMED; MOTIONS DENIED.