IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50253
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTIAGO PINA, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CA-1172
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Santiago Pina, Jr., federal prisoner #57543-080, appeals the denial of his motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255. In reviewing a district court's denial of a § 2255 motion, we review the district court's factual findings for clear error and questions of law de novo. United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Pina argues that the civil forfeiture of his Pontiac Firebird pursuant to 21 U.S.C. § 881 following his criminal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction violated the Double Jeopardy Clause.  This argument is foreclosed by the Supreme Court's holding in United States v. Ursery, 518 U.S. 267, 291-92 (1996).

Pina contends that his lengthy detention pending trial violated the Speedy Trial Act.  This nonconstitutional and nonjurisdictional claim is not cognizable in this § 2255 motion. See United States v. Shaid, 937 F.2d 228, 232 n.7 (5th Cir. 1991) (en banc); see also United States v. Bell, 966 F.2d 914, 915 (5th Cir. 1992).

Pina also argues that his detention awaiting trial violated his Sixth Amendment right to a speedy trial.  Pina's detention for 345 days awaiting trial falls short of the one-year minimum for triggering the full balancing test set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972).  See Cowart v. Hargett, 16 F.3d 642, 647 (5th Cir. 1994).

For the first time, Pina argues on appeal that he was denied the effective assistance of counsel at trial.  Our review of this issue is, at most, for plain error.  See United States v. McPhail, 112 F.3d 197, 199 (5th Cir. 1997).  Pina has failed to show that his trial counsel was deficient or that his counsel's performance deprived him of a fair trial.  See Strickland v. Washington, 466 U.S. 668, 687-89 (1984).

The district court's judgment is AFFIRMED.