**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 21, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50279
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RITA L. VAILLANCOURT,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-M-548-ALL
USDC No. SA-03-CR-370-ALL
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Rita L. Vaillancourt appeals her conviction for driving while intoxicated at Fort Sam Houston in San Antonio, Texas. She argues that her conviction is not supported by sufficient evidence. A review of the evidence in the light most favorable to the Government indicates that the magistrate judge's finding of guilt was supported by substantial evidence. See United States v. Mathes, 151 F.3d 251, 252 (5th Cir. 1998). Vaillancourt was driving in an erratic manner and at a high rate

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of speed just prior to being stopped at the post gate of Fort Sam Houston. She told the military police officer that she had had a few drinks at the Riverwalk that evening. Four military police officers, who were trained in alcohol and drug recognition, testified that in their opinion Vaillancourt was under the influence of alcohol and incapable of safely operating a motor vehicle on the evening that she was stopped. The officers testified that she had a strong odor of alcohol on her breath, bloodshot and glassy eyes, disheveled hair and clothing, a lack of balance, and thick and slurred speech, and she had been crying. She was unable to perform a dexterity test and unable to complete an intoxilyzer test after two attempts. A review of this evidence in the light most favorable to the Government indicates that the evidence was sufficient to support Vaillancourt's conviction. See id.

Vaillancourt argues that her constitutional right to a speedy trial was violated as she was arrested on March 9, 2002, and was not tried until July 10, 2003 and the delay caused her undue anxiety and concern. Vaillancourt was apprehended and detained for this offense by military police on March 9, 2002. Vaillancourt was charged by information on October 24, 2002. Assuming without deciding that Vaillancourt's right to a speedy trial accrued on March 9, 2002, and that there was a 16-month delay before her trial, Vaillancourt has not shown that her constitutional right to a speedy trial was violated. The

Government moved for continuances because a critical Government witness was deployed in the Middle East and unavailable for trial. Thus, the Government had a legitimate reason for the delay and did not intentionally cause this delay to obtain a strategic advantage. Vaillancourt has shown only minimal prejudice of undue anxiety and concern. She concedes that she was not incarcerated prior to the trial and that her defense was not prejudiced by the delay. Therefore, she has not shown that her constitutional right to a speedy trial was violated. See Cowart v. Hargett, 16 F.3d 642, 646 (5th Cir. 1994).

AFFIRMED.