**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 07-60583
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARIC M JOHNSON, also known as Skeeter,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CR-9-1

Before JONES, Chief Judge, WIENER and PRADO, Circuit Judges.

PER CURIAM:[*]

Daric M. Johnson was convicted by a jury of conspiracy to possess with intent to distribute controlled substances, with possession with intent to distribute marijuana, crack cocaine, and powder cocaine, and with being a felon in possession of a firearm. We affirmed Johnson's convictions on direct appeal, but his case was remanded for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 542 U.S. 220 (2005). The district court resentenced Johnson under the advisory Sentencing Guidelines to an aggregated 294-month term of imprisonment, and Johnson now appeals his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson makes an argument with respect to a motion filed under 18 U.S.C. § 3582(c)(2) that has not yet been ruled upon by the district court. That argument is not yet ripe for review. *United States v. Carmichael*, 343 F.3d 756, 761-62 (5th Cir. 2003). He also disagrees with the district court's refusal to grant his request for a downward departure based on his medical condition. However, because there is no indication that the district court was unaware of its authority to depart downward in its discretion, we lack jurisdiction to review the district court's refusal. *See United States v. Lucas*, 516 F.3d 316, 350 (5th Cir.), *cert. denied*, 129 S. Ct. 116 (2008). With respect to these two arguments, we dismiss Johnson's appeal for lack of jurisdiction.

Johnson argues his Sixth Amendment right to a speedy trial was violated by an unreasonable 23-month delay between the time his case was remanded and the time that he was actually resentenced. That delay is long enough to trigger an analysis of the delay. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). For the first 11 of those months, Johnson's resentencing was continued due to the district court's displacement from and ultimate relocation to the Gulfport, Mississippi, courthouse as a result of the devastation wrought by Hurricane Katrina. The district court rescheduled the matter several times due to Johnson's chronic illness, administrative issues, and the substitution of new appointed counsel at Johnson's request. The district court also sua sponte continued the matter without giving reasons. Johnson never filed a motion seeking a speedy resentencing. *See Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994) (stating motion to dismiss charges due to delay is not an assertion of speedy-trial right). Johnson has not shown prejudice from the delay because he is still able to file a postconviction motion. We hold that there was no violation of the Sixth Amendment with respect to the delay in Johnson's resentencing. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Johnson argues that, under FED. R. CRIM. P. 32(c), he was entitled to have a new presentence report (PSR) prepared prior to being resentenced. While

Rule 32(c) does require the preparation of a PSR, nothing in Rule 32 supports Johnson's argument that he was entitled to have a new PSR prepared prior to resentencing on remand. Johnson also asserts for the first time on appeal that the district court failed to inquire whether he and his counsel had read and discussed the PSR. Johnson's counsel submitted a sentencing memorandum addressing the PSR's findings and, at resentencing, both Johnson and his counsel made arguments with regard to the guidelines calculations contained in the PSR. Johnson has not met his burden of showing plain error with regard to this newly raised claim. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001).

Johnson argues that there was no reliable evidence to support the district court's four-level increase in his offense level pursuant to U.S.S.G. § 3B1.1(a) for his leadership role in the offense. He challenges the district court's findings on drug quantity for purposes of establishing his base offense level under U.S.S.G. § 2D1.1. He also challenges the two-level increase pursuant to § 2D1.1(b)(1) based on the finding that he possessed a firearm in connection with the drug trafficking offense. With respect to each of these enhancements, the district court's factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Having reviewed the trial transcript and the unrefuted information contained in the PSR, we conclude that there was sufficient reliable information to support the district court's factual findings. We also conclude that the district court adequately stated its findings with regard to these enhancements. The sentence imposed by the district court is procedurally sound, and Johnson does not challenge the substantive reasonableness of the sentence. Thus, the district court did not abuse its discretion in resentencing Johnson. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

APPEAL DISMISSED IN PART; AFFIRMED IN PART.