# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2010

No. 09-10136
Summary Calendar

Lyle W. Cayce
Clerk

MELVIN CLARENCE HALL,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-362

Before PRADO, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Melvin Clarence Hall, Texas prisoner # 1250521, of forgery and tampering with a governmental record. Hall appeals the district court's denial of his 28 U.S.C. § 2254 application, in which he challenged his conviction of tampering with a governmental document and the resulting sentence. Hall received a certificate of appealability to appeal whether the state trial court violated his constitutional rights when it denied his motion for a new

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial and whether trial counsel performed ineffectively regarding Hall's motion for a new trial. Hall argues, inter alia, that he was denied "due process" and "due course of law" when the trial judge denied his pro se motion for a new trial without securing Hall's presence at a hearing. Hall also argues that his trial counsel abandoned him during the time for filing his motion for a new trial, that counsel thus rendered ineffective assistance, and that counsel's abandonment forced him to proceed pro se.

Hall presented the issues that are currently before this court to the Texas courts in his state habeas application. Hall's state habeas application was denied without written order, the record does not suggest that the State raised procedural grounds for denying relief, and the state court's decision does not suggest reliance upon procedural grounds as a basis for denying relief. This court will therefore apply the deferential standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999). Under the AEDPA, Hall is not entitled to federal habeas relief unless the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." § 2254(d)(1), (d)(2).

Hall's assertion that he was deprived of "due course of law" appears to be premised on the Texas Constitution and Texas statutes, not the United States Constitution. *See* Tex. Const. art. 1, §§ 13, 19 (providing, in Bill of Rights, for injured persons to have "remedy by due course of law" and that deprivation of "life, liberty, property, privileges or immunities" will not occur "except by the due course of the law of the land"). To the extent that Hall is arguing that the state court's failure to secure his presence at a hearing violated Texas state law, this court will not review a state court's interpretation of its own law in a federal

2

habeas proceeding. *See Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991); *see also Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (observing that federal habeas relief is reserved for the deprivation of rights that are secured by the United States Constitutions or the laws of the United States). While Hall asserts that his due process rights were violated, he fails to provide a coherent argument explaining the parameters of the federal due process rights that attach to proceedings on a motion for a new trial in state prosecutions, nor does he discuss the due process rights that were purportedly violated in his case. Hall's conclusional allegations fail to establish that the Texas state court's denial of this claim resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. *See* § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (explaining that the state court's decision must be substantially different from relevant Supreme Court precedent). Moreover, even if there was a due process violation, Hall has failed to establish actual prejudice resulting from the claimed error. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Harris v. Warden, Louisiana State Penitentiary*, 152 F.3d 430, 437 (5th Cir. 1998).

Finally, the Supreme Court has not clearly established that the Sixth Amendment right to counsel exists during proceedings on a motion for a new trial. *See Mayo v. Cockrell*, 287 F.3d 336, 339-40 and n.3 (5th Cir. 2002); *Graves v. Cockrell*, 351 F.3d 143, 155 (5th Cir. 2003), *reh'g granted in part on other grounds*, 351 F.3d 156 (5th Cir. 2003). Hall's conclusional assertions do not establish that counsel's actions deprived him of a fair trial or an effective appeal, nor do his assertions establish that counsel performed ineffectively. *See Mayo*, 287 F.3d at 339-40 and n.3; *Graves*, 351 F.3d at 155-56. Therefore, the state court's denial of Hall's ineffective assistance of counsel claim did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

3

For the foregoing reasons, the judgment of the district court is AFFIRMED.